

**FILED**
**MARCH 21, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38665-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| FLETCHER ANTHONY HENTGES, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Fletcher Hentges appeals his conviction for residential burglary. We affirm.

FACTS

Fletcher Hentges's parents own a rental home and adjacent coffee shop. In November 2020, the tenants were out of town when Mr. Hentges's father received a phone call letting him know that someone had broken into the rental home. The parents went out to the residence and saw a broken window. Shortly thereafter, Mr. Hentges's mother saw Mr. Hentges in the coffee shop's parking lot. She confronted Mr. Hentges about the break-in and he denied involvement.

Another mother-son confrontation occurred later that night. This time, Mr. Hentges admitted he had taken a flute belonging to Ms. Peterson and put it behind the dumpster at the coffee shop. The mother retrieved the flute and returned it to the tenants after they got back home.

Upon returning home, the tenants found their residence ransacked and trashed. Apart from the returned flute, no other property appeared to be missing. The tenants found a knife and pack of cigarettes on their kitchen counter that did not belong to them. The tenants called the police and reported the break-in.

Mr. Hentges was interviewed as part of the police investigation. During his interview, Mr. Hentges admitted he had entered the rental home and took the flute. He related to police that his "intention for going into the home was to carry out a burglary." 1 Rep. of Proc. (Nov. 23, 2021) at 132. Mr. Hentges stated he entered the home through a window and accidentally left a knife and a pack of cigarettes inside the home.

The State charged Mr. Hentges with residential burglary, third degree theft, and third degree malicious mischief. The case proceeded to a jury trial and the State presented testimony from the two renters, Mr. Hentges's parents, and the officer who interviewed Mr. Hentges. The witnesses testified to the foregoing facts and the jury convicted Mr. Hentges on all counts.

Mr. Hentges appeals.

ANALYSIS

Mr. Hentges challenges his conviction for residential burglary. His sole claim is that trial counsel rendered deficient performance by failing to request a jury instruction on the lesser included offense of first degree criminal trespass.

Criminal defendants are guaranteed the right to effective assistance of counsel. *See* U.S. CONST. amend. VI; WASH. CONST. art. I, § 22. To establish ineffective assistance, Mr. Hentges must show (1) "defense counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness," and (2) "the deficient performance resulted in prejudice, i.e., that there is a reasonable possibility that, but for the deficient conduct, the outcome of the proceeding would have differed." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Counsel's representation is not deficient if it "can be characterized as legitimate trial strategy or tactics." *State v. Kyllo*, 166 Wn.2d 856, 863, 215 P.3d 177 (2009). Failure to meet either prong of the ineffective assistance test is dispositive of a claim on appeal. *State v. Sosa*, 198 Wn. App. 176, 185, 393 P.3d 796 (2017).

Mr. Hentges relies on the three-part test articulated in *State v. Pittman*, 134 Wn. App. 376, 166 P.3d 720 (2006), and *State v. Ward,* 125 Wn. App. 243, 104 P.3d 670

3

(2004), to argue that it was not objectively reasonable for Mr. Hentges's trial counsel to forego asking for a lesser included offense instruction at trial. This three-part test looks to (1) the sentencing discrepancy between the greater and lesser offenses, (2) whether the defenses to the greater and lesser offenses were consistent, and (3) the riskiness of taking an all-or-nothing approach. *Ward*, 125 Wn. App. at 249-50.

We need not analyze Mr. Hentges's conduct under the three-part test because *Pittman* and *Ward* are no longer good law. Both decisions were specifically abrogated by the Supreme Court in *State v. Grier*, 171 Wn.2d 17, 246 P.3d 1260 (2011). *Grier* held that the three-part *Pittman/Ward* test distorted the ineffective assistance of counsel standard in *Strickland*[1] by failing to afford deference to trial counsel and by second-guessing counsel's decision in the context of hindsight. 171 Wn.2d at 38-40. *Grier* recognized that simply because a defendant may be entitled to a lesser included offense instruction does not mean counsel must seek such an instruction instead of opting for an all-or-nothing strategy at trial. *Id*. at 42.

Mr. Hentges has not shown that his trial counsel acted unreasonably in taking an all-or-nothing approach at trial instead of seeking a lesser included instruction on criminal

---

[1] *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

trespass. Mr. Hentges's defense at trial was that he lacked the mental state necessary to commit the crime of burglary. Had the jury accepted this defense, Mr. Hentges would have been acquitted. It may have been risky for Mr. Hentges to forego the possibility of a compromise verdict, where the jury might find him guilty of a lesser offense, but that was a risk Mr. Hentges and his attorney were entitled to take. The fact that the defense strategy was unsuccessful is not a basis for relief on appeal.

## CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Lawrence-Berrey, A.C.J.                          Fearing, J.